Filed 5/21/21  In re A.N. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.N.,<br><br>        Defendant and Appellant. | A160907<br><br>(San Mateo County Super. Ct. Nos. 20-JW-0006, 20-JW-0356) |

A.N. (Minor) appeals the juvenile court's imposition of electronics search probation conditions.  We affirm.

BACKGROUND

After a juvenile wardship petition was filed alleging Minor committed multiple offenses, Minor admitted one count of robbery (Pen. Code, § 212.5, subd. (c)).[1]

The disposition hearing was held on July 30, 2020.  A probation report filed in advance of the hearing recommended Minor be committed to the

_____

[1] The underlying facts are not relevant to this appeal.

1

G.I.R.L.S. Program at the Margaret J. Kemp Camp for Girls (GIRLS Program). The recommended probation conditions included broad electronics search conditions.[2]

At the disposition hearing, Minor's counsel objected to the electronics search conditions. In response, the probation officer explained the conditions "are a standing order of the GIRLS Program" that are intended to apply even when minors are outside the facility on home passes or community passes. The probation officer further explained, "The standard procedure for us is once they are released from camp to phase two, they are on EMP [Electronic Monitoring Program], which EMP has also had a standing order for no cell phones and then once they complete that portion when we go back to court for the girls' review, at that time we normally will ask the court for permission for them to have a cell phone . . . ."

The juvenile court initially modified the conditions to clarify that they applied only while Minor was in the GIRLS Program. Then, after a recess, the court vacated this modification as unnecessary: "the court is making orders for the minor to be in the GIRLS Program and at the Girls Camp. [¶]

---

[2] The relevant conditions are: "Any electronic data storage and/or communication device under the Minor's control and/or which the Minor has shared, partial or limited access, is subject to a full and complete search, by any probation officer, in any manner required to guarantee full disclosure by any probation officer, during the day or night, with or without her consent, with or without a search warrant, and without regard to probable and reasonable cause;" "The Minor shall provide encryption keys or passwords to the probation officer for any computer or electronic data storage devices, in her possession, custody or control and to which she has sole, shared, partial, or limited access;" and "The Minor shall not access or participate in any Social Networking Site, including but not limited to Facebook.com. All internet usage is subject to monitoring by Probation, parents or school officials."

. . . They are GIRLS' orders so they are only applying to her while she is in the GIRLS Program and at GIRLS Camp."

DISCUSSION

Minor argues the electronics search conditions are invalid under *People v. Lent* (1975) 15 Cal.3d 481 and unconstitutionally overbroad. Minor does not challenge the conditions as applied during Minor's time in the GIRLS Program, and Minor does not dispute that, as the juvenile court took pains to clarify, the electronics search conditions imposed at the July 30, 2020 disposition hearing apply only during this time. Instead, Minor limits her challenge to the conditions "as they apply upon completion of the GIRLS Camp program," contending that on September 9, 2020, the juvenile court issued an order that "broadly adopted the probation conditions as stated in the probation report and applied beyond [Minor's] placement in the Girls Camp."

As an initial matter, Minor's notice of appeal identified the appealed-from orders as: "Disposition orders dated 07/30/2020." Although we must liberally construe notices of appeal (Cal. Rules of Court, rule 8.405(a)(3)), even the most liberal construction would be hard-pressed to interpret "Disposition orders dated 07/30/2020" to mean a post-disposition order issued on September 9, 2020.

In any event, Minor's statement of what happened at the September 9 hearing is unsupported by the record. Minor's record citation is to the minute order, which states in relevant part: "The recommended findings and ordered [sic] contained in the probation report are adopted by the court as its own. Findings and orders dated: 09/09/20." The findings and orders recommended in the probation report filed in advance of that hearing, and dated "September 9, 2020," are: "The Minor is continued a ward of the Court; [¶] All

3

prior orders not in conflict with the present orders shall remain in full force and effect." There is no indication in the September 9, 2020 minute order that the juvenile court modified the application of the probation conditions imposed at disposition.[3]

Because Minor does not challenge the application of the electronics search conditions during her time in the GIRLS Program, as ordered by the juvenile court on July 30, 2020, and because the record does not support Minor's contention that the juvenile court subsequently modified its order to apply the conditions for the duration of Minor's wardship, we reject Minor's challenge. If the juvenile court modifies Minor's probation conditions to impose these or similar conditions after Minor is no longer participating in the GIRLS Program, Minor may challenge the modified conditions at that time.

DISPOSITION

The order is affirmed.

---

[3] The reporters' transcript for the September 9, 2020 hearing was not prepared for this appeal, presumably because the notice of appeal identifies the date of the appealed-from order as July 30, 2020. (See Cal. Rules of Court, rule 8.407(b).)

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BURNS, J.

(A160907)

5